IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


HALIM HANNA,

      Plaintiff,

vs.                                                              Case No. 4:11cv291-RH/WCS

DEPARTMENT OF EDUCATION,

      Defendant.

_____/


## REPORT AND RECOMMENDATION

The *pro se* Plaintiff initiated this case by filing a complaint alleging employment discrimination on June 15, 2011.  Doc. 1.  Plaintiff was directed to amend his complaint and after filing a second amended complaint, doc. 15, Defendant filed a motion to dismiss for failure to state a claim, failure to exhaust administrative remedies, and because Plaintiff's second amended complaint did not comport with this court's order. Doc. 16.  Plaintiff was directed to file a response to the motion to dismiss, doc. 17, and his response is now before me.  Doc. 24.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the

plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the

standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129

S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), quoting Twombly, 550 U.S. at 570, 127

S.Ct. 1955.[1]  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Iqbal, 129 S.Ct. at 1949, citing Twombly, 550 at 556; see also

Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility

standard" is not the same as a "probability requirement," and "asks for more than a

sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S.Ct. at 1949,

quoting Twombly, 550 at 556.  A complaint that "pleads facts that are 'merely consistent

with' a defendant's liability," falls "short of the line between possibility and plausibility."

Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 at 557.

        The pleading standard is not heightened, but flexible, in line with Rule 8's

command to simply give fair notice to the defendant of the plaintiff's claim and the

grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992,

998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil

actions, with limited exceptions.").  Pro se complaints are held to less stringent

---

        [1] The complaint's allegations must be accepted as true when ruling on a motion
to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert.
denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's
disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, quoting
Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967

(11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30

L.Ed.2d 652 (1972).  Nevertheless, a complaint must provide sufficient notice of the

claim and the grounds upon which it rests so that a "largely groundless claim" does not

proceed through discovery and "take up the time of a number of other people . . . ."

Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577

(2005), *quoted in* Twombly, 127 S.Ct. at 1966.  A complaint does not need detailed

factual allegations to survive a motion to dismiss, but it must provide the grounds for a

plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic

recitation of the elements of a cause of action . . . ."  Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides
> sufficient notice, a defendant can move for a more definite statement
> under Rule 12(e) before responding.  Moreover, claims lacking merit may
> be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

## Allegations of the Second Amended Complaint, doc. 15

Plaintiff was employed by the Defendant from July 29, 2002, through June 7,

2010.  Doc. 15, p. 3.  Plaintiff alleges that his termination was due to discrimination due

to Plaintiff's national origin and in retaliation after complaining to the Florida Commission

on Human Relations (FCHR) on April 7, 2010.  *Id.*  Plaintiff states that he filed charges

against the Defendant and that he filed charges with the Florida Commission on Human

Relations on April 7, 2010, and with the Equal Employment Opportunity Commission on

February 23, [2011].[2]  *Id.*  Plaintiff reports that the EEOC issued a Notice to Sue dated May 27, 2011, which Plaintiff received on June 6, 2011.  *Id.*

Attached to the second amended complaint is the EEOC notice of suit rights, which is dated May 27, 2011.  Doc. 15, p. 11.  The notice is for EEOC Charge No. 15D-2011-00199, and indicates that the EEOC was "unable to conclude that the information obtained establishes violations of the statutes."  *Id.*  The EEOC also "adopted the findings of the state or local fair employment practices agency that investigated this charge."  *Id.*  Attached to that notice is a Notice of Receipt of Complaint, dated, February 23, 2011, issued by the Florida Commission on Human Relations, which states that Plaintiff's complaint was dually filed with the EEOC (No. 15D201100199) and FCHR, No. 201100560.  Doc. 15, p. 13.

**Motion to Dismiss, doc. 16**

Defendant seeks to dismiss Plaintiff's second amended complaint because Plaintiff's only administratively exhausted claim of discrimination was for retaliation and, therefore, Plaintiff's claim of discrimination based on national origin must be dismissed. Doc. 16, p. 8.  Furthermore, Defendant contends that Plaintiff's second amended complaint is conclusory and fails to present factual allegations which support a claim of discrimination.  *Id.*, at 4.  Defendant argues that the complaint fails to comply with the court order directing the amendment and does not present a short and plain statement of the claim in accordance with FED. R. CIV. P. 8.  *Id.*, at 3-4.

---

[2] The year, 2010, appears to be a typographical error.  The notice of receipt clarifies the date is February 23, 2011, which would have come *after* Plaintiff's termination and is more likely.

**Analysis**

Although Plaintiff did not comply with the instructions in the court order directing his amended pleading, that failure is not a reason to dismiss the complaint. A complaint should be dismissed for failing to state a claim, but that is dependent on the sufficiency of Plaintiff's allegations. The factual allegations are in separately numbered paragraphs, and Defendant may reasonably respond to each. The complaint is ten pages long. Ground one as presented in the motion to dismiss should be denied.

The third ground presented is that Plaintiff did not exhaust his administrative remedies for a claim of termination due to national origin. Defendant notes that a charge of discrimination must be filed within 300 days of the unlawful employment practice and argues that Plaintiff did not "exhaust his administrative remedies regarding his discrimination claim." Doc. 16, p. 7.

Plaintiff submitted a binder with his second amended complaint containing an exhibit list, and some twenty exhibits. The binder has not been scanned into the electronic docket and exists only in paper form. By separate order, I have directed the Clerk to scan the binder into the docket and associate it with the amended complaint, doc. 15.

Plaintiff filed three separate FCHR charges. Doc. 16, pp. 7-8. The first charge of discrimination was filed on April 7, 2010. Plaintiff's Ex. H13, attachment to doc. 15. That charge is listed as FCHR No. 201001320, and Plaintiff did not check a box indicating the cause of discrimination, but he submitted a statement indicating he believed he was "subjected to harassment, discipline and different terms and conditions on the basis of [his] National Origin (Egyptian) and also in retaliation for [his] complaint." *Id.*

Plaintiff's second charge was filed with the FCHR on July 7, 2010, and alleges retaliation in violation of the Public Whistle-Blower's Act.  Plaintiff's Ex. H17, attachment to doc. 15.  That charge states that the discrimination occurred on June 7, 2010, when Plaintiff was terminated.  *Id.*  That charge is listed as FCHR No. 201002048.  *Id.*

The third charge of discrimination is the charge referenced in the second amended complaint.  Plaintiff's Ex. H20, attachment to doc. 15.  It is dated by Plaintiff February 21, 2011, and includes a checkmark only in the box for retaliation, but in the box for Plaintiff to write the Discrimination Statement, Plaintiff indicates he was discriminated against "pursuant to Chapter 760 of the Florida Civil Rights Act, and/or Title VII of the Federal Civil Rights Act, and/or the Age Discrimination in Employment Act, and/or the Americans with Disabilities Act . . . ."  *Id.*  Plaintiff states that he believes his termination on June 7, 2010, was "in retaliation for filing previous Discrimination and Whistle Blower complaints against Respondent."  *Id.*  Plaintiff identifies those complaints in parenthesis as 201001320, and 201002048.  *Id.*  Both of those complaints were the two earlier charges of discrimination Plaintiff filed with FCHR on April 7, 2010, and July 7, 2010.  Plaintiff's Exs. H13 and H17.  As noted above, the Notice of Receipt of Complaint issued by the FCHR, dated, February 23, 2011, indicates Plaintiff's third charge was dually filed with the EEOC, No. 15D201100199, and the FCHR, No. 201100560.  Doc. 15, p. 13.

In summary, Plaintiff's exhibit H20, the charge of discrimination that is the basis for this suit, has only a checkmark for retaliation.  Furthermore, Plaintiff's statement of discrimination in that charge alleges that he "was terminated in retaliation for filing" prior

complaints.  Plaintiff alleges nothing to alert either Defendant or FCHR that Plaintiff also

believed his termination on June 7, 2010, was due to his national origin.

Further, although Plaintiff failed to provide a copy of his EEOC charge of

discrimination with the second amended complaint, he did provide it with the initial

complaint.[3]  Doc. 1-2, p. 3.  Plaintiff's charge of discrimination was received by the

EEOC from the Florida Commission on Human Relations on February 23, 2011, and

assigned number 15D201100199.  *Id.*  Plaintiff only checked the box for a claim of

retaliation.  *Id.*  A claim of national origin discrimination was not checked.  *Id.*

Plaintiff's claim of discrimination based on national origin (Plaintiff's Exhibit H13),

was dated April 7, 2010.  There is no indication that it was dually filed with the EEOC,

and Plaintiff has not shown that he received a Right to Sue notice on that claim from the

EEOC.  Even if Plaintiff did receive a Right to Sue notice on that claim, Plaintiff has not

shown that it was received within 90 days of his initiation of this case.  For all of these

reasons, The motion to dismiss should be granted as to the claim for discrimination

based on national origin for failure to exhaust administrative remedies.

In summary, the only claim presented to both the FCHR and the EEOC, and for

which a right to sue letter has been received, is the claim of retaliation.  The claim of

discrimination due to national origin must be dismissed.

The second ground for dismissal is that Plaintiff presented only conclusory

allegations of retaliation, and those are insufficient to state a claim.  Doc. 16, pp. 4-7.

Plaintiff alleged that he filed an internal complaint with the Department of Education

---

[3] This is the EEOC charge.  Exhibit H20 is the FCHR charge, and it is also
attached to the first complaint.  Doc. 1-2, p. 4.

(hereinafter DOE) on September 16, 2009, alleging harassment, discrimination, and a

hostile workplace.  Doc. 15, p. 5.  Plaintiff alleged that on September 22, 2009, he filed

a second internal complaint for discrimination by Plaintiff's supervisor, John Clarkson.

*Id.*  Plaintiff alleged that on January 21, 2010, he filed a third internal complaint against

his supervisor for retaliation, and the complaint was filed with Director of Labor, Dan

Saunders.  *Id.*, at 6.  Plaintiff also alleged that on February 5, 2010, Mr. Saunders sent

the results of his investigation of Plaintiff's third complaint to his supervisor.  *Id.*  On that

same date, the supervisor forced Plaintiff to "sign under duress [a] written reprimand."

*Id.*, at 7.  Plaintiff filed another complaint with DOE, this time to the Inspector General,

on February 24, 2010.  *Id.*, at 7.  Plaintiff alleged that he complained "about the

discrimination, harassment, retaliation and signing under duress."  *Id.*  Plaintiff said that

when his supervisor found out about Plaintiff's complaint, he gained access to Plaintiff's

computer without his permission.  *Id.*  On April 7, 2010, Plaintiff alleged that he filed a

discrimination complaint with FCHR about his supervisor.  *Id.*, at 8.  When Plaintiff

returned form sick leave on June 2, 2010, he alleged that his computer's "secure data

had neem breached" by his supervisor.  *Id.*, at 8.  Plaintiff filed another complaint with

the Inspector General of the DOE on June 7, 2010.  *Id.*  Plaintiff contends that complaint

was as a "whistle-blower" claim against his supervisor for using his computer several

times.  *Id.*  On June 10, 2010, Plaintiff contends that he was terminated "on the spot

while all these cases were still opened."  *Id.*, at 8.

It cannot be said that Plaintiff's second amended complaint fails to state a claim

for retaliation.  Plaintiff has alleged a chain of events that create a plausible claim of

retaliation against Plaintiff for having filed complaints.  Plaintiff alleged that his

supervisor was aware of at least one internal complaint because a copy of the result of that complaint was provided to his supervisor.  Plaintiff has alleged other complaints were filed and, although he does not specifically allege knowledge by his supervisor of those complaints, Plaintiff's alleges that numerous internal complaints were submitted and it may be reasonably inferred that his supervisor had knowledge of those as well. That inference is also plausible considering Plaintiff's allegations that several times his supervisor had access to Plaintiff's computer without his knowledge.  The complaint is sufficient to give fair notice to the Defendant of Plaintiff's claim of retaliation and the grounds upon which it rests.  The motion to dismiss should be denied as to ground two.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss doc. 16, be **DENIED in part and GRANTED in part.**  Plaintiff's claim for discrimination based on his national origin should be **DISMISSED** for failure to exhaust administrative remedies, but the motion to dismiss should be denied as to the claim of retaliation. It is further **RECOMMENDED** that this case be **REMANDED** to me for further proceedings, and Defendant be directed to file an answer.

**IN CHAMBERS** at Tallahassee, Florida, on October 18, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.